**SYSCO CORPORATION d/b/a Sysco Food Services of Baltimore, Inc., Plaintiff,**

v.

**Elaine L. CHAO, United States Secretary of Labor, et al., Defendants.**

**Civil Action No. 01–2566.**

United States District Court, E.D. Pennsylvania.

Oct. 8, 2002.

Edward S. Mazurek, Morgan, Lewis & Bockius LLP, Philadelphia, PA, for Plaintiff.

Susan Dein Bricklin, Philadelphia, PA, Gretchen M. McMullen, Arlington, VA, for Defendant.

## OPINION

POLLAK, District Judge.

Now before this court is the Secretary's Motion to Dismiss Plaintiff's First Amended Complaint. Plaintiff Sysco Corporation d/b/a Sysco Food Services of Baltimore, Inc. ("Sysco") brought this lawsuit to seek relief from the Secretary of Labor's delay in resolving discrimination complaints against Sysco. This court finds that it lacks subject-matter jurisdiction over complaints about the Secretary's delay in resolving disputes under the Surface Trans-

portation Assistance Act ("STAA"), 49 U.S.C. § 31105. Accordingly, the Secretary's motion to dismiss will be granted.

**Factual/Procedural Background**

The dispute between the parties in this case stems from Sysco's dissatisfaction with the Occupational Safety and Health Administration's ("OSHA") handling of discrimination complaints filed against Sysco by Sysco employees. Sysco operates a distribution facility in Jessup, Maryland, from which it distributes food and food service products to hospitals, nursing homes, restaurants, schools, and other facilities. Nine of Sysco's truck-driver employees filed complaints with OSHA on October 6, 2000, alleging that they had suffered discrimination in violation of the STAA. In the current lawsuit, Sysco complains that the Secretary of Labor has failed to issue initial findings within 60 days of receiving the complaints, a duty prescribed by the STAA, 49 U.S.C. § 31105(b)(2)(A). Sysco's amended complaint claims that the Secretary's delay has "improperly prolonged the government's interference with Sysco's business operations and its relationships with its employees."

On October 5, 2001, the Secretary moved to dismiss the amended complaint. The basis of their motion was that Sysco lacked standing to bring the complaint, as there had been no legally cognizable injury suffered as a result of the Secretary's delay in issuing findings. Additionally, the defendants claimed in a footnote that only United States Courts of Appeal have jurisdiction to review claims of agency inaction, and therefore that this court lacks jurisdiction over Sysco's complaint.

Since the initial submissions by the parties on the jurisdictional dispute, the Secretary has issued preliminary findings for several of the complaints against Sysco. In a supplemental submission, the defendants added mootness to the proffered list of reasons to dismiss Sysco's complaint.

**The STAA Procedure**

To place this dispute in context, a brief description of the relevant provisions of the STAA will be helpful. Section 31105 prohibits an employer from subjecting an employee to discrimination, discipline, or discharge when the employee refuses to operate a vehicle under certain conditions. § 31105(a)(1)(B). An employee may file a complaint with the Secretary of Labor when he believes that the employer has violated that prohibition. § 31105(b)(1). The Secretary is then to conduct an investigation, decide if there are reasonable grounds to believe the complaint is meritorious, and issue findings and a preliminary order, in which the employer may be ordered to reinstate the complainant and compensate the complainant for back pay. § 31105(b)(2)(A), (3)(A). If either party files objections to the preliminary order and requests a hearing, a hearing will be held and the Secretary will issue a final order. § 31105(b)(2)(C). A party adversely affected by that final order may file a petition for review in a court of appeals. § 31105(c). In sum, then, there are three basic procedural steps inherent in the STAA complaint process: (1) consideration of the initial complaint, which culminates in a preliminary order; (2) a challenge to the preliminary order that will result in a final order; and (3) review of the final order in a court of appeals. When Sysco originally filed its complaint in this court, the underlying complaints against Sysco were in the first procedural stage contemplated by the STAA.

**This Court's Jurisdiction**

Issues of standing and mootness aside, this court is concerned about the threshold matter of whether the STAA precludes this court from assuming jurisdiction over unreasonable-delay claims in

the first place. The D.C. Circuit has held that, when a statute provides that the power to review final agency action rests with a court of appeals, the appellate court also has exclusive jurisdiction to resolve claims of unreasonable delay. *Telecomms. Research & Action Ctr. [TRAC] v. FCC,* 750 F.2d 70, 76–77 (D.C.Cir.1984). The *TRAC* court was evaluating a statute that governed the FCC ratemaking process. *Id.* at 73. In that case, as here, review over final agency orders was vested in the Court of Appeals by statute. *Id.* at 75. TRAC sought a writ of mandamus to compel the FCC to determine whether AT & T must reimburse ratepayers for allegedly unlawful overcharges. *Id.* at 72. Although no final order had been issued by the agency (that, in fact, was the problem), the D.C. Circuit nonetheless found that it had jurisdiction to decide the case. The court reasoned that an agency might defeat the statutory obligation of an appellate court to review the merits of final orders simply by failing to resolve disputes. *Id.* at 76. In reliance upon the All Writs Act's provision that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions," 28 U.S.C. § 1651(a), the court determined that a court of appeals must be able to resolve claims of unreasonable agency delay to protect the court's future jurisdiction. *TRAC,* 750 F.2d at 76. The *TRAC* court went on to conclude that its jurisdiction over claims of unreasonable delay was exclusive. The court reasoned:

> By lodging review of agency action in the Court of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power. It would be anomalous to hold that this grant of authority only strips the District Court of general federal question jurisdiction under 28 U.S.C. § 1331 when the Circuit Court has present jurisdiction under a special review statute, but not when the Circuit Court has immediate jurisdiction under the All Writs Act in aid of its future statutory review power.

*Id.* at 77.

■ The Third Circuit has adopted reasoning similar to that of the *TRAC* decision and held that "where administrative enabling statutes ... grant exclusive jurisdiction to a particular court to review past actions of an agency, that court necessarily has the exclusive jurisdiction to review inaction as well." *Oil, Chem. & Atomic Workers Union [OCAWU] v. OSHA,* 145 F.3d 120, 123 (3d Cir.1998) (citing *TRAC*). The Occupational Safety and Health Act at issue in the Third Circuit case, like the statute at issue here and in *TRAC,* provided that final agency action was subject to review in the courts of appeals. *Id.* at 122.

■ Given the reasoning of the *TRAC* and *OCAWU* courts, this court finds that it does not have jurisdiction to consider the merits of Sysco's claims. As discussed above, the STAA provides that orders issued after a hearing are to be reviewed by a court of appeals. 49 U.S.C. § 31105(c). Claims of unreasonable agency delay in issuing orders, as explained by the D.C. and Third Circuits, are properly brought in the appellate courts.

Sysco attempts to differentiate its circumstances from those present in the *TRAC* and *OCAWU* fact scenarios. It concedes that "a case involving the failure to issue a final order after a hearing arguably may be reviewable only by a court of appeals," but insists that the fact that Sysco is challenging the Secretary's failure to issue *preliminary findings* rather than a final order salvages this court's jurisdiction. In other words, in terms of the STAA procedural framework described *supra,* Sysco argues that this court has jurisdiction to consider delays at stage 1 (during the pendency of the preliminary

order), even if it has no jurisdiction at stage 2 (during the pendency of the final order). This court respectfully disagrees. Just as an agency might defeat the statutory obligation of an appellate court to review the merits of final orders by failing to issue a final order, so too might an agency defeat an appellate court's jurisdiction by shirking its antecedent duty to issue a preliminary order. Under § 31105, the preliminary order is merely a constituent step in the process of arriving at a final agency action. Therefore, under the All Writs Act, a court of appeals may protect its jurisdiction by policing the Secretary's actions in issuing both preliminary and final orders, both of which are prerequisites for eventual judicial review. Sysco's attempt to differentiate between the court of appeals's ability to review delay at different stages of the process cuts against the thrust of the Third Circuit's *OCAWU* opinion and Congress's decision to vest review of agency action under § 31105 in the courts of appeals.

Because, in the case at bar, exclusive jurisdiction to review the delay which plaintiff attributes to the Secretary of Labor rests not with this court but with the Third Circuit, this court must dismiss Sysco's complaint. An appropriate order follows.

## ORDER

For the reasons stated in the accompanying Opinion, Secretary's Motion to Dismiss Plaintiff's First Amended Complaint is GRANTED.